IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDIN OMAR MEJIA, individually and on behalf of all similarly situated persons, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | No. 4:21-cv-00136 |
| VILLAREAL DRYWALL, INC. and EDWARD VILLAREAL, | § § § § | Removed from the 80th Judicial District |
| *Defendants*. | § | Court of Harris County, Texas |

## DEFENDANTS' NOTICE OF REMOVAL

TO:    Clerk of Court, United States District Court
For the Southern District of Texas, Houston Division
Bob Casey United States Courthouse
515 Rusk Avenue
Houston, Texas 77002

Harris County District Clerk
201 Caroline, Suite 420
Houston, TX 77002

Josef F. Buenker
The Buenker Law Firm
2060 North Loop West, Suite 215
Houston, Texas 77018

Defendants Villarreal Drywall, Inc. and Edward Villarreal[1] remove this action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. The specific grounds for removal are set forth below.

## INTRODUCTION

1.    Plaintiff Edin Omar Mejia filed a civil action against Defendants on November 16, 2020, alleging individual and collective claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203, *et seq*. The lawsuit is recorded on the docket of the 80th Judicial

---

[1] Defendants are misnamed in the petition as Villareal Drywall, Inc. and Edward Villareal.

District Court of Harris County, Texas as Cause No. 2020-73591 (the "State-Court Action"). Plaintiff Mejia and Defendants are the only parties to the State-Court Action. (*Id.*)

2. Plaintiff served his petition and a summons on Defendants' via personal service on January 5, 2021. (Service of Process, attached as Exhibit E.) Defendants have timely filed its Notice of Removal within the 30-day limit imposed by 28 U.S.C. § 1446(b).

## BASIS FOR REMOVAL

3. The Court has original federal question jurisdiction of this action under 28 U.S.C. § 1331, and Defendants may remove it from state to federal court pursuant to 28 U.S.C. § 1441(a), because Plaintiff brings claims under a federal statute: the Fair Labor Standards Act.

4. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A federal question exists if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Here, it is apparent on the face of the petition that Plaintiff purports to assert claims under the FLSA. (*See* Exhibit C, Petition, at 1) ("This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 *et seq.*").

5. Thus, this Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case involves a cause of action under the FLSA. Removal is therefore proper.

## VENUE, NOTICE, AND COMPLIANCE WITH LOCAL RULE 81

6. Venue is proper in this District and Division under 28 U.S.C. § 1441(a) because this District and Division embrace Harris County, Texas, where Plaintiff filed the State-Court Action. *See* 28 U.S.C. § 124(b)(2).

7. Defendants will promptly file a Notice of Filing of Notice of Removal with the 80th Judicial District Court of Harris County, Texas, and will serve a copy of the filing on Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

8. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, Defendants have attached or are contemporaneously filing the following documents, which include all process, pleadings, and orders served in this action, to this Notice of Removal:

- A completed civil cover sheet;

- Exhibit A:  Index of Matters Being Filed;

- Exhibit B:  A copy of the docket sheet for the State-Court Action, as of January 15, 2020;

- Exhibit C:  Plaintiff's Original Petition, filed November 16, 2020;

- Exhibit D:  Defendant's Original Answer and Defenses to Plaintiff's Original Petition, filed January 14, 2021;

- Exhibit E:  Return of Service, showing service on Defendants on January 5, 2021;

- Exhibit F:  List of Counsel of Record (including addresses, telephone numbers, and parties represented); and

- Defendants' Certificate of Interested Parties and Corporate Disclosure Statement.

9. Should Plaintiff seek to remand this case to state court, Defendants respectfully requests permission to brief and argue the removal issue before this Court enters any order remanding this case. In the event the Court decides remand is proper, Defendants asks that the Court retain jurisdiction and, if the Court deems it appropriate, certify any remand order for

interlocutory review by the Court of Appeals, and stay this action pending appeal, pursuant to 28 U.S.C. § 1292(b).

## CONCLUSION

Defendants respectfully prays that the above-described action pending against it be removed to this Court. Defendants also respectfully requests all other relief, at law or in equity, to which it is justly entitled.

Dated:  January 15, 2021

Respectfully submitted,

SEYFARTH SHAW LLP,

By: s/ Linda C. Schoonmaker
Linda C. Schoonmaker
Texas Bar No. 17806300
Federal I.D. No. 10662
John P. Phillips
Texas Bar No. 24083659
Federal I.D. No. 1691762
700 Milam Street, Suite 1400
Houston, Texas 77002
(713) 225-2300 – Telephone
(713) 225-2340 – Facsimile
lschoonmaker@seyfarth.com
jphillips@seyfarth.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing document to be served upon the following by email, certified mail, and filing the same with the Court's CM/ECF electronic filing system on this 15th day of January 2021:

Josef F. Buenker
The Buenker Law Firm
2060 North Loop West, Suite 215
Houston, Texas 77018

s/ Linda C. Schoonmaker
Linda C. Schoonmaker