# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| EDIN OMAR MEJIA, Individually and On Behalf of All Similarly Situated Persons,<br>  Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:19-cv-2361 |
| VILLARREAL DRYWALL, INC. and EDWARD VILLARREAL,<br>  Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both as an individual action and collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Edin Omar Mejia and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendants, their subsidiaries and affiliated companies.

### Parties

1. Plaintiff Edin Omar Mejia ("Mejia"), a former employee of Defendants, was personally engaged in interstate commerce during his employment with the Defendants, and is represented by the undersigned.

2. Defendant Villarreal Drywall, Inc. ("Villarreal Drywall") is a Texas corporation and an "employer" as defined by the FLSA. With respect to Plaintiff, Villarreal Drywall is subject to the provisions of the FLSA. MKN was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Villarreal Drywall, Inc. may be

served through its registered agent, Edward Villarreal, at 11811 White Oak, Conroe, Texas 77385, or wherever he may be found.

3. Defendant Edward Villarreal ("Villarreal") is an individual who was also an "employer" of Plaintiff as that term is defined by the FLSA. With respect to Plaintiff, Villarreal is subject to the provisions of the FLSA, operating an enterprise engaged in interstate commerce with gross annual revenues in excess of $500,000. Villarreal was a person who determined and directly controlled the employee compensation policies of Villarreal Drywall, Inc. Defendant Villarreal may be served with process at 11811 White Oak, Conroe, Texas 77385, or wherever he may be found.

## Jurisdiction and Venue

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Factual Allegations

5. During each of the three years prior to this complaint being filed, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

6. During each of the three years prior to this complaint being filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

7. At all times pertinent to this Complaint, Plaintiff was individually engaged in

2

commerce and his work was essential to Defendants' business(es).

8. During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

9. During each of the three years prior to this complaint being filed, Defendants' employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were made or manufactured outside the state of Texas.

10. Plaintiff Edin Omar Mejia worked for Defendants as a construction worker performing drywall services from December of 2015 until November of 2018. Mejia's duties included, but were not limited to, repairing sheetrock. Defendant Villareal is the owner of Villareal Drywall. Villareal also uses other corporate entities to employ individuals like the Plaintiff, hiring them to work for Villareal Drywall and then paying them through entities with names such as Drywall Repair, LLC and Winter Drywall, LLC. The work and pay is always controlled by Villareal, no matter the name of the company paying the worker.

11. During his tenure with the Defendants, Plaintiff regularly worked in excess of 40 hours per week.

12. Plaintiff was paid on an hourly basis and was not paid an overtime premium for hours worked over 40 hours per workweek.

13. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work.

14. Defendants are jointly and severally liable to the Plaintiff and the Members of the Class, as defined below, for the damages sought herein, as the Defendants are a joint enterprise as defined in terms of the FLSA.

3

### Plaintiff's Individual Allegations

15. Plaintiff was entitled to be paid his regular wages and to be paid an overtime premium for all work performed during the hours worked over forty-(40)-hours in each workweek.

16. Defendants failed to pay the Plaintiff the required overtime premium in many such workweeks that the Plaintiff was employed by Defendants, as the Plaintiff worked in excess of 40 hours in most weeks.

17. No exemption excuses the Defendants from paying Plaintiff for all time spent and work performed during the hours he worked, and the Defendants have not made a good faith effort to comply with the FLSA.

18. The Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practice was a clear violation of the FLSA.

19. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

### Collective Action Allegations

20. Other employees have been victimized by the Defendants' pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiff. Thus, Plaintiff is aware that the illegal practices or policies of the Defendants have been imposed on the Members of the Class. Specifically, through speaking with other employees, Plaintiff is aware that Defendants make a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek, but instead pay all other employees on the same basis as the Plaintiff.

21. The Members of the Class performed work that is similar in nature to that performed by Plaintiff; these individuals worked alongside the Plaintiff performing the same type of work that the Plaintiff performed. Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiff in terms of their job duties.

22. Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

23. The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

25. No justification or exemption excused the Defendants from paying the Members of the Class for all work performed and time spent working, and the Defendants did not make a good faith effort to comply with the FLSA. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

26. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> **All persons employed as construction workers performing drywall services for Defendants Villarreal Drywall, Inc. and/or Edward Villarreal or any associated entity during the three-year period preceding the filing of this Complaint.**

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

27. Defendants violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for work performed in the employ of the Defendants.

28. Plaintiff and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

29. Defendants are liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Demand for Jury

30. Plaintiff demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by Villarreal Drywall, Inc. and Edward Villarreal as construction workers performing drywall services during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF EDIN OMAR MEJIA**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF EDIN OMAR MEJIA**